Filed 6/7/23  P. v. Guzman CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

---

THE PEOPLE,

    Plaintiff and Respondent,

v.

NICOLAS STEPHEN GUZMAN,

    Defendant and Appellant.

E079284

(Super.Ct.No. FVA08536)

OPINION

---

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Reversed with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Collette C. Cavalier, Lynne G. McGinnis, and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2000, defendant and appellant Nicolas Stephen Guzman pled guilty to second degree murder. In 2022, defendant filed a petition to vacate his murder conviction and for resentencing pursuant to Penal Code[1] section 1172.6[2] that was summarily denied. For the reasons stated *post*, we reverse and remand for the trial court to issue an order to show cause and set an evidentiary hearing.

## FACTUAL AND PROCEDURAL HISTORY

A single-count information was filed in 1998 charging the defendant with the October 11, 1997, murder of J.F.R. (§ 187.) The information also alleged sentencing enhancements for the personal use of a firearm (§12022.5, subd. (a)) and commission of the crime for the benefit of a criminal street gang (§186.22, subd. (b)(4)). On February 10, 2000, defendant pled guilty to a single count of second degree murder and admitted to a sentencing enhancement for the personal use of a firearm under section 12022.5, subdivision (a), and the gang enhancement was stricken. He was sentenced to 15 years to life with an additional four years for the firearm enhancement. Almost 22 years later, defendant filed a pro se petition for resentencing, declaring that: "A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine;" "I pled guilty or no contest to 1st or 2nd degree murder

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] At the time of defendant's petition, the resentencing provision was former section 1170.95. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) renumbered former section 1170.95 as section 1172.6 without substantive changes. (See Stats. 2022, ch. 58, § 10.) For clarity, we refer to the provision by its current designation.

in lieu of going to trial because I believed I could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine;" and "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The trial court appointed counsel for the defendant, ordered briefing on whether the defendant had established a prima facie case for relief, and set a hearing. The People attached the transcript of the preliminary hearing as an exhibit to their response to the petition. The People argued that because an eyewitness testified at the preliminary hearing that defendant was the only person who approached the victim and the only person who fired shots, he was the actual killer and had failed to establish a prima facie case for relief. Defendant argued that because no reporter's transcript of the change-of-plea hearing was available, the factual basis for the plea was unknown, and absent the defendant's stipulation to the preliminary hearing transcript, consideration of preliminary hearing testimony was improper to rebut the defendant's declaration at the prima facie stage of the resentencing proceeding.

The trial court acknowledged that it could not determine whether defendant had stipulated to the preliminary hearing transcript as the factual basis for his plea. The court also noted there was a split of authority between *People v. Davenport* (2021) 71 Cal.App.5th 476 (*Davenport*), which held that consideration of the preliminary hearing transcript at the prima facie stage absent a defendant's stipulation was improper, and *People v. Perez* (Sept. 18, 2020, B301466) opinion ordered depublished on October 26,

2022, S265254 (*Perez*), which reached the opposite conclusion.  The trial court followed *Perez* and read into the record excerpts from the preliminary hearing testimony of witness L.C., defendant's former girlfriend, that she saw defendant approach the victim's car alone, saw him raise up his hands, heard gunshots coming from defendant, then saw defendant flee.  The court concluded that defendant was the actual killer, and in the alternative, that even without considering the preliminary hearing testimony, the record of conviction established that defendant was ineligible for relief as a matter of law.

## DISCUSSION

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e).)  The legislation also provided a procedure for persons previously convicted of murder who could not be convicted under the law as amended to seek vacatur of the conviction and resentencing.  (§ 1172.6, subd. (a).)

Under section 1172.6, an offender seeking resentencing must file a petition in the sentencing court.  (§ 1172.6, subd. (b)(1).)  If the petition contains the required information, including the petitioner's declaration establishing eligibility for relief based on the requirements of subdivision (a), the court must appoint counsel upon request.  (§ 1172.6, subd. (b)(3).)  The prosecutor must file a response and the petitioner may file a

reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c); see *People v. Lewis* (2021) 11 Cal.5th 952, 961-963, 967 (*Lewis*).) Where a petitioner has made the requisite prima facie showing that he is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

In making this prima facie determination, the court may rely on the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

5

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

At the prima facie stage, the court may deny a petition only if the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 966.) In other words, the petition and the record of conviction must "establish conclusively that the defendant is ineligible for relief." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) This presents a pure question of law that we review de novo. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

Citing *Davenport*, *supra*, 71 Cal.App.5th 476, defendant contends that since the record does not show that he stipulated to the preliminary hearing transcript providing the factual basis for his plea, the trial court's consideration of preliminary hearing testimony to deny his petition without an evidentiary hearing amounts to improper factfinding at the prima facie stage. Defendant further argues that the trial court erred in its alternative holding that even without considering the preliminary hearing testimony, defendant is ineligible for relief because nothing in the charging document, defendant's plea, or defendant's admission to the firearm enhancement under section 12022.5 conclusively establishes that defendant was the actual killer. We agree.

6

As in *Davenport*, the trial court here "engaged in 'impermissible factfinding' at the prima facie stage by relying on facts taken from the preliminary hearing transcript that were not stipulated to or admitted." (*Davenport*, *supra*, 71 Cal.App.5th at p. 482; accord, *People v. Cooper* (2020) 54 Cal.App.5th 106, 123-124.) "[T]he section [1172.6], subdivision (c) inquiry is a test of the petitioner's pleaded allegations, not an inquiry into the truth of those allegations and the credibility of the evidence on which they may rely. [Citation.] The exception, for 'readily ascertainable facts' in the record of conviction that ' " 'refut[e] the allegations made in the petition' " ' [citation], bars a petitioner from pleading things that the record of conviction necessarily establishes are untrue (such as an allegation that he is entitled to resentencing relief for an offense that is not listed in the statute). [Citation.] If the exception were to be read more broadly, allowing inquiry into the historical facts that may appear in the court's files but that were never admitted by the petitioner as the factual basis for a plea, the exception would swallow the rule and convert the prima facie inquiry into a factual contest, which is reserved for evidentiary hearings at the section [1172.6], subdivision (d) stage." (*Davenport*, at p. 483.) Indeed, consideration of the preliminary hearing transcript has been held improper at the prima facie stage of a resentencing proceeding even where the defendant stipulated to the transcript as the factual basis for a plea. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 991 (*Flores*); see also *People v. Rivera* (2021) 62 Cal.App.5th 217, 238 (*Rivera*) [stipulation to grand jury transcript as factual basis for plea does not allow use of testimony to establish ineligibility for resentencing relief].)

7

The People acknowledge that consideration of preliminary hearing testimony at the prima facie stage is improper under *Davenport*. Nevertheless, the People argue that regardless of any stipulation by the defendant, "the trial court should be permitted to consider the preliminary hearing transcript in the context of a section 1172.6 prima facie review in circumstances where the defendant pled guilty or no contest." If preliminary hearing testimony can't be considered in plea cases, "the remaining records in those cases are usually very sparse," and therefore most petitioners convicted by plea will be able to establish a "prima facie case of entitlement to relief." The People cite no authority to support this argument, which is not only contrary to *Davenport* and *Flores* but also seems to contradict the position taken in *Lewis*, where "the People emphasize[d that] the 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.) We accordingly reject the argument.

Moreover, as defendant points out, the preliminary hearing testimony that the trial court considered here was not uncontradicted. The trial court relied on the testimony of witness L.C., who stated that she and her friend A.L. remained together on Eighth Street and only the defendant walked over to approach the victim's car, which had skidded around the corner onto Linden. About a minute later, L.C. heard gunshots coming from the defendant's direction, but she never saw the victim, the gun, or any flashes. Other testimony, however, established that a different witness who "was outside their residence working on the residence and . . . observed the . . . whole incident go down" described to police two girls and a male approaching the victim's vehicle before the shooting. It

would thus appear that the trial court must have engaged in improper " 'factfinding involving the weighing of evidence' " at the prima facie stage in crediting L.C.'s testimony and concluding defendant must have been the actual killer. (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

The trial court also erred in its alternative holding that even without the preliminary hearing transcript, the record of conviction establishes that defendant is ineligible for relief. The fact that defendant was charged with murder with malice aforethought does not preclude the prosecution from proceeding on a theory of imputed malice. (See *Flores*, *supra*, 76 Cal.App.5th at p. 987 [generic malice aforethought murder charge does not exclude any particular theory of murder]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977-978 [same]; *Rivera*, *supra*, 62 Cal.App.5th at p. 233 [same].) Nor does the defendant's admission to the personal use of a firearm under subdivision (a) of section 12022.5 conclusively establish that he was the actual killer. (See *People v. Jones* (2003) 30 Cal.4th 1084, 1120 [a "finding of personal use [does] not in itself prove [a] defendant was the actual killer"]; *Davenport*, *supra*, 71 Cal.App.5th at p. 485 [defendant's admission to section 12022.5, subdivision (a) "enhancement did not preclude the possibility of prosecution under a felony-murder theory"].)

## DISPOSITION

The order denying defendant's petition for resentencing is reversed.  On remand, the superior court is to issue an order to show cause and conduct further proceedings in accordance with section 1172.6, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

MENETREZ
J.

10